IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-01806-WYD-BNB

BETTY MAXWELL,

    Plaintiff,

v.

BAC Home Loan Servicing, L.P.,

    Defendant.

# ORDER

I.    INTRODUCTION:

THIS MATTER is before the Court on *pro se* Plaintiff Betty Maxwell's *ex parte* motion styled "Petition for Temporary Restraining Order" ("TRO"), and her motion styled "Petition for Restraining Order," both filed July 30, 2010, ECF No. 2 & 4.[1] Plaintiff seeks a TRO enjoining Defendant from proceeding with a foreclosure sale of Plaintiff's home scheduled for August 4, 2010.

Plaintiff initiated these proceedings on July 30, 2010, with the filing of a "Original Petition," the two above-referenced motions, and a pleading styled "Memorandum in Support of Request for Temporary Restraining Order." I have reviewed all of these

---

[1]Throughout these two pleadings Plaintiff uses the terms "temporary restraining order," "temporary injunction," and "permanent injunction" interchangeably. However, she cites Fed. R. Civ. P. 65(b)(1) in both pleadings, and for purposes of this order I will construe Plaintiff's request as one for a temporary restraining order.

materials.

In her Complaint, Plaintiff alleges that she entered into a consumer contract for the refinance of a primary residence located at 1213 Grand Avenue, Cannon City, CO 81212. Plaintiff further alleges that Defendants, BAC Home Loan Servicing, L.P., and others, induced her to enter into a "predatory loan agreement," committed numerous acts of fraud, failed to "make proper notices" to Plaintiff, charged Plaintiff "false fees" at settlement, and initiated frivolous collection proceedings. While the precise factual basis for Plaintiff's claims is somewhat unclear, she does make reference to the Real Estate and Settlement Procedures Act ("RESPA"), and the Truth in Lending Act ("TILA"). In addition, Plaintiff lists her "causes of action" to include breach of fiduciary duty, negligence, breach of the implied covenant of good faith and fair dealing, violation of TILA, and intentional infliction of emotional distress.

None of the documents filed by Plaintiff contain any detail regarding when she entered the refinance contract with Defendant, the circumstances surrounding that transaction, or any information concerning the state court foreclosure proceedings. In addition, Plaintiff has failed to attach any contract documents or other documents in support of her claims. I note that Plaintiff has not set forth the allegations in her Complaint in numbered paragraphs, and that the majority of those allegations are general statements concerning the mortgage lending industry, rather than specific statements concerning Plaintiff's specific situation.

I must construe the instant motions and other papers filed by Plaintiff liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

II. Analysis

In connection with her request for TRO, Plaintiff states that she can demonstrate that (1) "that the alleged real party in interest is unable to prove standing to foreclose against and sell the property;" and (2) "that the lender committed numerous acts, as listed above, that have the effect of rendering the contract, through which defendant claims authority, void and unenforceable." I construe these statements to mean that Plaintiff seeks a TRO based on Defendant's alleged violation of the disclosure requirements and substantive provisions of TILA such that Plaintiff can lawfully rescinded the transaction, and that Defendant is unlawfully attempting to foreclose Plaintiff's home.

Issuance of a TRO is subject to the court's discretion. *Hinkel Dry Goods Co. v. Wichison Indus. Gas Co.*, 64 F.2d 881, 883 (10th Cir. 1933). Fed. R. Civ. P. 65(b)(1) provides that a TRO such as this one "may be granted wthout written or oral notice to the adverse party or that party's attorney only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition, and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

*Id.*

The primary purpose of injunctive relief is to preserve the status quo pending a

final determination of the parties' rights.  *Otero Savings and Loan Ass'n v. Federal Reserve Bank of Kansas City, Mo.*, 665 F.2d 275 (10th Cir. 1981).  A movant seeking a TRO or preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001); *see also SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991).   Because injunctive relief "is an extraordinary remedy, the movant's right to relief must be clear and unequivocal."  *Dominion Video*, 269 F.3d at 1154.

Here, given that the foreclosure sale is allegedly scheduled for tomorrow, Plaintiff has arguably demonstrated that immediate and irreparable injury, loss or damages will result before Defendant can be heard in opposition.  However, Plaintiff has not stated whether she has served Defendant with the pleadings filed in this case, or why she should not be required to give notice to Defendant.  However, even assuming Plaintiff could demonstrate that she is entitled to *ex parte* relief, I find that a TRO would not be appropriate in this case because she cannot demonstrate a substantial likelihood of success on the merits of her claims.

As to Plaintiff's contention that the party initiating the foreclosure sale lacks standing, such claim is likely bared by the *Rooker-Feldman* doctrine.  This doctrine is a jurisdictional prohibition based on 28 U.S.C. § 1257 which holds that federal review of state court judgments may be obtained only in the United States Supreme Court.  *See*

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine applies to bar "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). In other words, it applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Although Plaintiff makes no mention of any state court proceedings, in order for Plaintiff's property to be in foreclosure there clearly is a state court proceeding—the proceedings leading up to the foreclosure sale authorized under Rule 120 of the Colorado Rules of Civil Procedure. Plaintiff's claim that Defendant lacks standing to proceed with the foreclosure is a claim that is intertwined with the state court foreclosure proceeding. A determination in Plaintiff's favor would undue the state court orders authorizing the foreclosure to proceed, and this Court would essentially be acting as an appellate court if it were to reconsider that issue in this case. Therefore, it is unlikely Plaintiff can prevail on the merits of this claim.

Turning to Plaintiff's contention that Defendant violated the disclosure requirements and substantive provisions of TILA, I find that while this claim may not be barred by *Rooker-Feldman*, Plaintiff has nevertheless failed to demonstrate a likelihood

that she would succeed on the substantive merits of this claim.

TILA and Reg Z contain detailed disclosure requirements for consumer loans. *See* 15 U.S.C. § 1635(a); *Semar v. Platte Valley Federal Savings & Loan Ass'n.*, 791 F.2d 699, 703-04 (9th Cir. 1986). As explained by the Ninth Circuit "[t]echnical or minor violations of TILA or Reg Z, as well as major violations, impose liability on the creditor and entitle the borrower to rescind." *Id.* at 704. "'To insure that the consumer is protected ... [TILA and Reg Z must] be absolutely complied with and strictly enforced.'" *Id.* (quoting *Mars v. Spartanburg Chrysler Plymouth, Inc.*, 713 F.2d 65, 67 (4th Cir.1983) (holding that technical violation, even if merely a "minor variation in language and type size" from TILA requirements, imposes liability)); *see also Huff v. Stewart-Gwinn Furniture Co.*, 713 F.2d 67, 69 (4th Cir.1983) (minor violations of TILA and Reg Z impose liability even if, as creditor alleged, consumer "was not misled and was given a meaningful and correct disclosure of crucial credit terms").

15 U.S.C. § 1635(6) provides as to rescission:

> When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. . . .

Under 12 C.F.R. § 226.23(a)(3), Plaintiff had the right to rescind the transaction

until midnight of the third business day following consummation, delivery of the required notice to rescind, or delivery of all material disclosures, whichever occurred last. Further, "if the required notice or material disclosures are not delivered, the right to rescind shall expire three years after consummation." *Id*.; *see also* 15 U.S.C. § 1635(f). Thus, if the material disclosures were not delivered to Plaintiff initially when the loan was closed, her right to rescind was extended for three years. *Id*.; *See also* 12 C.F.R. § 226.15

Moreover, the lender has a good faith defense to violations of the TILA. Specifically, 15 U.S.C. § 1640(c) states:

> A creditor or assignee may not be held liable in any action brought under this section or section 1635 of this title for a violation of this subchapter if the creditor or assignee shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Examples of a bona fide error include, but are not limited to, clerical, calculation, computer malfunction and programming, and printing errors, except that an error of legal judgment with respect to a person's obligations under this subchapter is not a bona fide error.

*Id.*

Also, the TILA does not apply to:

(1) "residential mortgage transaction as defined in section 1602(w) of this title ("a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling",15 U.S.C. § 1602);

(2) a transaction which constitutes a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same creditor secured by an interest in the same property;

(3) a transaction in which an agency of a State is the creditor; or

> (4) advances under a preexisting open end credit plan if a security interest has already been retained or acquired and such advances are in accordance with a previously established credit limit for such plan.

15 U.S.C. § 1635(e).

Here, Plaintiff has failed to allege facts that would demonstrate a likelihood that she would succeed on her TILA claim. As noted above, the majority of factual allegations in Plaintiff's complaint are general statements concerning the mortgage lending industry, rather than specific statements concerning Plaintiff's specific situation. Plaintiff has not alleged when the closing took place. Plaintiff does not explain how the loan at issue falls within the TILA and whether any exemptions to the TILA may be applicable. Plaintiff alleges that Defendant "failed to provide all of the proper disclosures," and "failed to provide accurate Right to Cancel Notices," but does not attach any documentation from the loan, or allege what, specifically, Defendant failed to disclose. Plaintiff does not state whether she sought rescission from Defendant. Moreover, Plaintiff does not explain how any alleged TILA violations apply to Defendant BAC Home Loan Servicing, or explain Defendant's role in the loan and the failure to make disclosures.

Given that Plaintiff has failed to establish the likelihood of success on the merits of her claims, I cannot grant the extraordinary relief Plaintiff seeks at this time.

III. CONCLUSION:

In conclusion, for the reasons set forth herein, it is hereby

ORDERED that Plaintiff Betty Maxwell's *ex parte* motion styled "Petition for Temporary Restraining Order" ("TRO"), and her motion styled "Petition for Restraining

Order," both filed July 30, 2010, ECF No. 2 & 4, are **DENIED**.

Dated: August 4, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge