IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01806-WYD-BNB

BETTY MAXWELL,

Plaintiff,

v.

BAC HOME LOAN SERVICING, L.P.,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff initiated this action on July 30, 2010, by filing a paper entitled "Original Petition" [Doc. #1] [the "Complaint"]. On August 5, 2010, she filed an Affidavit of Service which states that she served the defendant by sending copies of the Summons and Complaint to "CEO Ken Lewis" and "Deanne Stodden, Esq." via certified mail and facsimile.

Under the Federal Rules of Civil Procedure, a domestic partnership must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant" or by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1). The Colorado Rules of Civil Procedure provide for service of a partnership by "delivering a copy thereof to one or more of the partners or associates, or a managing or general agent thereof." Colo. R. Civ. P. 4(e)(4).

In addition, the Federal Rules of Civil Procedure require that a plaintiff serve the defendant within 120 days after filing the Complaint:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The 120 days for service provided in Rule 4(m) expired on November 27, 2010.

On August 16, 2010, I ordered the plaintiff to file proof of proper service on the defendant on or before November 29, 2010 [Doc. #8]. I warned the plaintiff that failure to file proof of proper service on or before November 29, 2010, may result in dismissal of this action. The plaintiff did not file proof of proper service.

As a result of these events, I ordered the plaintiff to show cause [Doc. #9] on or before December 13, 2010, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1[1] for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order

---

[1]Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

of this court.  I cautioned the plaintiff that failure to show cause on or before December 13, 2010, would result in my recommendation that this case be dismissed.

The order to show cause was mailed to the plaintiff at her address of record.  The plaintiff has not responded to the order to show cause, and the envelope containing the order has been returned as undeliverable [Doc. #10].

I respectfully RECOMMEND that this case be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 16, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge